IN THE UNITED STATES DISTRICT COURT,
FOR THE DISTRICT OF MARYLAND

Daniel Porter, as Personal                    *
Representative of the Estate of
Kim Porter, deceased, and                     *
Individually, as Surviving Husband of
Kim Porter, deceased                          *
190 Honeysuckle Road
Nottingham, PA 19362                          *

and                                           *        Civil Action No.:

Tony Porter, as Surviving Adult Child         *
of Kim Porter, deceased
190 Honeysuckle Road                          *
Nottingham, PA 19362
                                              *
and
                                              *
Nancy Geisler, as Surviving Adult Child       *
of Kim Porter, deceased
7165 Allens Park Drive
Colorado Springs, CO  80922                   *

and Additionally,                             *

TO THE USE OF Hideo Shiba, as Surviving *
Adult Child of Kim Porter, deceased
Japan                                         *

          Plaintiffs                          *

     vs.                                      *

David S. Dunn, M.D.                           *
615 W. MacPhail Road, Suite 106
Bel Air, MD 21014                             *

and                                           *

Harford Primary Care, LLC                     *
615 W. MacPhail Road, Suite 106
Bel Air, MD  21014                            *
          Serve on: Resident Agent,
          Nicholas J. Giampetro, Esquire      *
          920 Providence Road, Suite 407
          Towson, MD  21286                   *

and                                           *

SAVASENIORCARE, LLC                               *
One Ravinia Drive, Suite 1500
Atlanta, GA  30346                                *
     Serve On: Resident Agent,
     Corporation Process Company                  *
     328 Alexander Street, Suite 10
     Marietta, GA  30060                          *

and                                               *

SAVASENIORCARE Administrative Services,  *
LLC
One Ravinia Drive, Suite 1500                     *
Atlanta, GA  30346
     Serve On: Resident Agent,                    *
     Corporation Process Company
     328 Alexander Street, Suite 10               *
     Marietta, GA  30060
                                                  *
and
                                                  *
SSC Forest Hill Operating Company, LLC,
T/A Forest Hill Health and                        *
Rehabilitation Center
109 Forest Valley Drive                           *
Forest Hill, MD  21050
     Serve On: Resident Agent,                    *
     The Corporation Trust Incorporated
     300 E. Lombard Street                        *
     Baltimore, MD  21202
                                                  *
and
                                                  *
Forest Hill Health and Rehabilitation
Center
109 Forest Valley Drive                           *
Forest Hill, MD  21050
     Serve On: Resident Agent,                    *
     The Corporation Trust Incorporated
     300 E. Lombard Street                        *
     Baltimore, MD  21202
                                                  *
and
                                                  *

SMV Forest Hill, LLC                                *
1209 Orange Street
Wilmington, DE  19801                               *
        Serve On: Resident Agent,
        The Corporation Trust Incorporated *
        300 E. Lombard Street
        Baltimore, MD  21202                        *

and                                                 *

Mariner Health of Forest Hill, LLC       *
One Ravinia Drive, Suite 1500
Atlanta, GA  30346                                  *
        Serve On: Resident Agent,
        The Corporation Trust Incorporated *
        300 E. Lombard Street
        Baltimore, MD  21202                        *

and                                                 *

Mariner Health Care Central, Inc.       *
One Ravinia Drive, Suite 1500
Atlanta, GA  30346                                  *
        Serve On: Resident Agent,
        The Corporation Trust Incorporated *
        300 E. Lombard Street
        Baltimore, MD  21202                        *

and                                                 *

Mariner Health Care Management Company *
One Ravinia Drive, Suite 1500
Atlanta, GA .30346                                  *
        Serve On: Resident Agent,
        The Corporation Trust Incorporated *
        300 E. Lombard Street
        Baltimore, MD  21202                        *

            Defendants                              *

*     *     *     *     *     *     *     *     *     *     *     *     *

## COMPLAINT AND ELECTION FOR JURY TRIAL

        Plaintiffs, Daniel Porter, as Personal Representative of the

Estate of Kim Porter, deceased, and Individually, as Surviving

Husband of Kim, Porter, deceased, Tony Porter, as Surviving Adult Child of Kim Porter, deceased, Nancy Geisler, as Surviving Adult Child of Kim Porter, deceased, and additionally, to the use of Hideo Shiba, as Surviving Adult Child of Kim Porter, deceased, by their undersigned attorneys, hereby sues David Dunn, M.D., Harford Primary Care, LLC, Savaseniorcare, LLC, Savaseniorcare Administrative Services, LLC, SSC Forest Hill Operating Company, LLC, T/A Forest Hill Health and Rehabilitation Center, Forest Hill Health and Rehabilitation Center, SMV Forest Hill, LLC, Mariner Health of Forest Hill, LLC, Mariner Health Care Central, Inc., and Mariner Health Care Management Company, Defendants, and for causes of action states the following:

1.    This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. Section 1332 by virtue of the diversity of citizenship of the parties and because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2.    Venue is proper in this Court under 28 U.S.C. Section 1391 in that a substantial part of the events which give rise to this claim occurred in Harford County, in the State of Maryland.

3.    This action was originally filed in the Health Claims Arbitration Office of Maryland on May 21, 2009.  Certificates of Qualified Expert and Reports were filed on November 17, 2009, copies of which are attached hereto as Exhibit A.  On December 9, 2010,

4

Plaintiffs filed an Election to Waive Arbitration with the Health Claims Arbitration Office, a copy of which is attached hereto as Exhibit B. On January 5, 2011, the Health Care Alternative Dispute Resolution Office of Maryland issued an Order of Transfer, a copy of which is attached hereto as Exhibit C.   On February 7, 2011, Plaintiffs filed an Amended Election to Waive Arbitration with the Health Claims Arbitration Office, a copy of which is attached hereto as Exhibit D.

4.   At the time of the wrongs hereinafter set forth, the Plaintiff, Daniel Porter, as Personal Representative of the Estate of Kim Porter, deceased, and individually, as surviving husband of Kim Porter, deceased, is and was a citizen and resident of Pennsylvania, residing at 190 Honeysuckle Road, Nottingham, Pennsylvania, 19362.

5.   The decedent, Kim Porter, died on June 6, 2006.   On November 3, 2006, Plaintiff, Daniel Porter, was granted Letters of Administration of a Small Estate for the Estate of Kim Porter by the Register of Wills for the Commonwealth of Pennsylvania, County of Lancaster.

6.   Plaintiff, Daniel Porter, is acting as Personal Representative of the Estate of Kim Porter, Deceased, and has been granted Letters of Administration of a Small Estate for the Estate of Kim Porter, from the Register of Wills for Commonwealth of Pennsylvania, County of Lancaster, the same being a Court of

5

probate and of record.   As such, Daniel Porter is entitled under the authority of the Annotated Code of Maryland, Estates and Trust Article, §§ 5-502 and 7-401, to commence this action in personal injury for the damages that the Decedent could have commenced had she survived.

7.   The Plaintiff, Tony Porter, as surviving adult child of Kim Porter, deceased, is a citizen and resident of Pennsylvania, residing at 190 Honeysuckle Road, Nottingham, Pennsylvania, 19362.

8.   The Plaintiff, Nancy Geisler, as surviving adult child of Kim Porter, deceased, is a citizen and resident of Colorado, residing at 7165 Allens Park Drive, Colorado Springs, Colorado, 80922.

9.   Upon information and belief, use Plaintiff, Hideo Shiba, as surviving adult child of Kim Porter, deceased, is a citizen and resident of Japan.

10.   At all times material hereto, Defendant, David S. Dunn, M.D., was and is a physician licensed to practice medicine, and is a citizen of the State of Maryland.   Dr. Dunn was and is board certified in internal medicine, and was, in fact, practicing at 615 W. MacPhail Road, Suite 106, Bel Air, MD 21014.

11.   At all times material hereto, Defendant, David S. Dunn, M.D., carried on a regular business located at 615 W. MacPhail Road, Suite 106, Bel Air, MD 21014.   Said Health Care Provider

6

was and is a health care provider, he and his agents, servants, and/or employees, undertook to provide services to the Decedent, Kim Porter, relative to her care and treatment, and is subject to the jurisdiction of the Health Care Alternative Dispute Resolution Office of Maryland and the Courts of the State.

12.  At all times material hereto, Defendant, Harford Primary Care, LLC, was and is a Maryland Corporation, with its principal place of business in Bel Air, Maryland, and carried on a regular business located at 615 W. MacPhail Road, Suite 106, Bel Air, MD 21014.  Said Defendant was and is a health care provider, he and his agents, servants, and/or employees, undertook to provide services to the Decedent, Kim Porter, relative to her care and treatment, and is subject to the jurisdiction of the Health Care Alternative Dispute Resolution Office of Maryland and the Courts of the State.

13.  At all times material hereto, Defendant, SAVASENIORCARE, LLC, was and is a Georgia corporation, with its principal place of business in Atlanta, Georgia, and carried on a regular business located at 109 Forest Valley Drive, Forest Hill, Maryland, 21050.  Said Defendant was and is a nursing and rehabilitation facility, whose agents, servants, employees, subsidiaries, and/or divisions undertook to provide services to the Decedent, Kim Porter.

14.  At all times material hereto, Defendant,

SAVASENIORCARE, LLC, is and/or was licensed, authorized, and did business in the State of Maryland deriving substantial revenue therefrom, and is subject to the jurisdiction of the Health Care Alternative Dispute Resolution Office of Maryland and the Courts of this State.

15.   At all times material hereto, Defendant, SAVASENIORCARE Administrative Services, LLC, was and is a Georgia corporation, with its principal place of business in Atlanta, Georgia, and carried on a regular business located at 109 Forest Valley Drive, Forest Hill, Maryland, 21050.  Said Health Care Provider was and is a nursing and rehabilitation facility, whose agents, servants, employees, subsidiaries, and/or divisions undertook to provide services to the Decedent, Kim Porter.

16.   At all times material hereto, Defendant, SAVASENIORCARE Administrative Services, LLC, is and/or was licensed, authorized, and did business in the State of Maryland deriving substantial revenue therefrom, and is subject to the jurisdiction of the Health Care Alternative Dispute Resolution Office of Maryland and the Courts of this State.

17.   At all times material hereto, Defendant, SSC Forest Hill Operating Company, LLC, T/A Forest Hill Health and Rehabilitation Center, was and is a Delaware corporation, with its principal place of business in Wilmington, Delaware, and carried on a regular business located at 109 Forest Valley Drive,

Forest Hill, Maryland, 21050.  Said Defendant was and is a
nursing and rehabilitation facility, whose agents, servants,
employees, subsidiaries, and/or divisions undertook to provide
services to the Decedent, Kim Porter.

18.  At all times material hereto, Defendant, SSC Forest
Hill Operating Company, LLC, T/A Forest Hill Health and
Rehabilitation Center, is and/or was licensed, authorized, and
did business in the State of Maryland deriving substantial
revenue therefrom, and is subject to the jurisdiction of the
Health Care Alternative Dispute Resolution Office of Maryland and
the Courts of this State.

19.  At all times material hereto, Defendant, Forest Hill
Health and Rehabilitation Center, was and is a business entity of
unknown form and character organized and existing under the laws
of Delaware, with its principal place of business in Wilmington,
Delaware, and carried on a regular business located at 109 Forest
Valley Drive, Forest Hill, Maryland, 21050.  Said Defendant was
and is a nursing and rehabilitation facility, whose agents,
servants, employees, subsidiaries, and/or divisions undertook to
provide services to the Decedent, Kim Porter.

20.  At all times material hereto, Defendant, Forest Hill
Health and Rehabilitation Center, is and/or was licensed,
authorized, and did business in the State of Maryland deriving
substantial revenue therefrom, and is subject to the jurisdiction

9

of the Health Care Alternative Dispute Resolution Office of
Maryland and the Courts of this State.

21.   At all times material hereto, Defendant, SMV Forest
Hill, LLC, was and is a Delaware corporation, with its principal
place of business in Wilmington, Delaware, and carried on a
regular business located at 109 Forest Valley Drive, Forest Hill,
Maryland, 21050.  Said Defendant was and is a nursing and
rehabilitation facility, whose agents, servants, employees,
subsidiaries, and/or divisions undertook to provide services to
the Decedent, Kim Porter.

22.   At all times material hereto, Defendant, SMV Forest
Hill, LLC, is and/or was licensed, authorized, and did business
in the State of Maryland deriving substantial revenue therefrom,
and is subject to the jurisdiction of the Health Care Alternative
Dispute Resolution Office of Maryland and the Courts of this
State.

23.   At all times material hereto, Defendant, Mariner Health
of Forest Hill, LLC, was and is a Delaware corporation, with its
principal place of business in Atlanta, Georgia, and carried on a
regular business located at 109 Forest Valley Drive, Forest Hill,
Maryland, 21050.  Said Defendant was and is a nursing and
rehabilitation facility, whose agents, servants, employees,
subsidiaries, and/or divisions undertook to provide services to
the Decedent, Kim Porter.

24.   At all times material hereto, Defendant, Mariner Health
of Forest Hill, LLC, is and/or was licensed, authorized, and did
business in the State of Maryland deriving substantial revenue
therefrom, and is subject to the jurisdiction of the Health Care
Alternative Dispute Resolution Office of Maryland and the Courts
of this State.

25.   At all times material hereto, Defendant, Mariner Health
Care Central, Inc., was and is a Delaware corporation, with its
principal place of business in Atlanta, Georgia, and carried on a
regular business located at 109 Forest Valley Drive, Forest Hill,
Maryland, 21050.  Said Defendant was and is a nursing and
rehabilitation facility, whose agents, servants, employees,
subsidiaries, and/or divisions undertook to provide services to
the Decedent, Kim Porter.

26.   At all times material hereto, Defendant, Mariner Health
Care Central, Inc., is and/or was licensed, authorized, and did
business in the State of Maryland deriving substantial revenue
therefrom, and is subject to the jurisdiction of the Health Care
Alternative Dispute Resolution Office of Maryland and the Courts
of this State.

27.   At all times material hereto, Defendant, Mariner Health
Care Management Company, was and is a Delaware corporation, with
its principal place of business in Atlanta, Georgia, and carried
on a regular business located at 109 Forest Valley Drive, Forest

Hill, Maryland, 21050.  Said Defendant was and is a nursing and
rehabilitation facility, whose actual, ostensible, and/or
apparent agents, servants, employees, subsidiaries, and/or
divisions, including medical doctors, undertook to provide
services to the Decedent, Kim Porter.

28.  At all times material hereto, Defendant, Mariner Health
Care Management Company, is and/or was licensed, authorized, and
did business in the State of Maryland deriving substantial
revenue therefrom, and is subject to the jurisdiction of the
Health Care Alternative Dispute Resolution Office of Maryland and
the Courts of this State.

29.  Defendants, SAVASENIORCARE, LLC; SAVASENIORCARE
Administrative Services, LLC; SSC Forest Hill Operating Company,
LLC, T/A Forest Hill Health and Rehabilitation Center; Forest
Hill Health and Rehabilitation Center; SMV Forest Hill, LLC;
Mariner Health of Forest Hill, LLC; Mariner Health Care Central,
Inc.; and/or Mariner Health Care Management Company, are
hereinafter collectively referred to as the "Forest Hill
Defendants".

30.  At all times material hereto, Defendant, David S. Dunn,
M.D., was an actual, ostensible, and/or apparent agent, servant,
and/or employee, and was acting within the course and scope of
his agency and/or employment with Harford Primary Care, LLC, and
the Forest Hill Defendants, as a physician, and had actual,

express, implied, ostensible and/or apparent authority to act on their behalf as their agent, servant, and/or employee.

31.   At the time of the wrongs and grievances herein complained of, the Decedent, Kim Porter was a patient of the Defendant, David S. Dunn, M.D., and Harford Primary Care, LLC, as attending physician, and are hereinafter collectively referred to as "Defendant Dunn" or "Dr. Dunn".

32.   Prior to the wrongs and grievances herein complained of, the Decedent, Kim Porter, was visiting her daughter, Nancy Geisler, in Illinois, and fell out of bed, suffering an L1 compression facture.

33.   She was treated at Community Hospital of Lancaster in Pennsylvania, and was discharged with Percocet medication for pain.

34.   On May 24, 2006, Mrs. Porter was admitted to Johns Hopkins Bayview Hospital, where she was noted to have a history of, among other things, diabetes mellitus, and while there, she was given Glyburide, the prescription medication she took for her diabetes mellitus.

35.   On May 26, 2006, Mrs. Porter was discharged from Johns Hopkins Bayview Hospital, and transferred to the care of the Forest Hill Defendants, and her attending physician was listed as David Dunn, M.D., Harford Primary Care, LLC, 615 W. MacPhail Road, Suite 106, Bel Air, Maryland, 21014.

13

36.  Among the various diagnoses of pre-existing conditions was type II diabetes mellitus and her treatment they noted to be Glyburide.

37.  At some time prior to 9:00 a.m., on May 29, 2006, the Glyburide was placed on hold by Dr. Dunn and other actual, ostensible, and/or apparent agents, servants, and employees of the Forest Hill Defendants.  Accordingly, Mrs. Porter did not receive her prescribed doses of Glyburide.

38.  On May 29, 2006, at 4:53 p.m., emergency medical services personnel were summoned to Forest Hill Defendants' facility, by reason that Mrs. Porter was found to be unresponsive due to hypoglycemia.  She was lying in bed at the nursing home, being attended to by the staff of the Forest Hill Defendants. The staff stated that the patient went unresponsive and that her glucose was at 29 to 21mg/dl.  The staff had established an IV access prior to the EMS' arrival, and subsequently, the EMS gave the Plaintiff 25 grams of D50 IVP, and as a result, she then became alert and oriented, and as per staff, returned to her baseline mental status.  The Forest Hill Defendants, through their agents, servants, and employees, decided that it was not necessary to transport Mrs. Porter to the hospital, and thus, refused further services by the EMS.  Upon execution of the release form by the Forest Hill Defendants, the EMS left the facility.

14

39.  However, that very same day, at midnight, Mrs. Porter suffered a hypoglycemic seizure, and was again found unresponsive, found lying in bed at the Forest Hill Defendants' facility, she was being attended to by the nursing staff, who said she became unresponsive and then had a grand-mal seizure, which lasted approximately 30 seconds.  Ms. Porter was on O2 via staff at 5LMP.  Her initial pulse oxygen saturation was 76%, but increased to 97% when she was given additional oxygen through the nose.  An IV was in place by the Forest Hill Defendants, the patient was placed in the medic unit, and she had another witnessed seizure, focal motor with right-sided gaze, which lasted approximately 30 seconds to a minute.  She was given immediate care, and then was transported to Upper Chesapeake Medical Center's emergency room, and was subsequently admitted.

40.  Ms. Porter remained at Upper Chesapeake hospital until the day she died, on June 6, 2006.

## COUNT I

### (Negligence - Survival Action)

Plaintiff, Daniel Porter, as Personal Representative of the Estate of Kim Porter, deceased, claims against Defendants, David S. Dunn, M.D.; Harford Primary Care, LLC; SAVASENIORCARE, LLC; SAVASENIORCARE Administrative Services, LLC; SSC Forest Hill Operating Company, LLC, T/A Forest Hill Health and Rehabilitation

15

Center; Forest Hill Health and Rehabilitation Center; SMV Forest
Hill, LLC; Mariner Health of Forest Hill, LLC; Mariner Health
Care Central, Inc.; and Mariner Health Care Management Company.

41.   Plaintiff adopts and incorporates by reference
paragraphs 1 through 40 of this Complaint as if each was set
forth in full herein.

42.   On November 3, 2006, Plaintiff, Daniel Porter, was
granted Letters of Administration of a Small Estate for the
Estate of Kim Porter, by the Register of Wills for the
Commonwealth of Pennsylvania, County of Lancaster.  Those Letters
are still in force and effect.  As such, Daniel Porter is
entitled, under the authority of the Annotated Code of Maryland,
Estates and Trusts Article, §§ 5-502 and 7-401, to commence this
action in personal injury for damages that the Decedent, Kim
Porter, could have commenced had she survived.

43.   Plaintiff, Daniel Porter, as Personal Representative of
the Estate of Kim Porter, deceased, brings this Survival Action
against the said Defendants, to recover for Mrs. Porter's pain,
suffering, damages, costs, medical expenses, funeral and burial
expenses, and other losses as a result of the aforesaid
negligence of Defendants, David S. Dunn, M.D.; Harford Primary
Care, LLC; SAVASENIORCARE, LLC; SAVASENIORCARE Administrative
Services, LLC; SSC Forest Hill Operating Company, LLC, T/A Forest
Hill Health and Rehabilitation Center; Forest Hill Health and

16

Rehabilitation Center; SMV Forest Hill, LLC; Mariner Health of
Forest Hill, LLC; Mariner Health Care Central, Inc.; and Mariner
Health Care Management Company.

44.   Defendant Dunn, and the Forest Hill Defendants owed a
duty to the Decedent, Kim Porter, to exercise due care in their
care and treatment of her. The Defendants breached this duty of
care, and deviated from the standard of care in which they and/or
their employees, servants, and/or agents provided care and
treatment to Kim Porter, in that:

> a)   Dr. Dunn and Harford Primary Care, LLC, failed to
> prescribe the appropriate dosage of medication to
> manage Mrs. Porter's blood sugar:
>
> b)   Dr. Dunn and Harford Primary Care, LLC, failed to
> recognize that her blood sugar fluctuations could
> lead to serious health consequences if not brought
> under control;
>
> c)   The Forest Hill Defendants failed to appropriately
> manage Mrs. Porter's blood sugar levels;
>
> d)   The Forest Hill Defendants failed to take
> reasonable and prudent steps to prevent Mrs.
> Porter from experiencing repeated hypoglycemic
> episodes;
>
> e)   The Forest Hill Defendants failed to notify the
> physician of low blood sugar levels as ordered;

f)    they failed to appropriately treat the Decedent's diabetes mellitus;

g)    they failed to negligently withheld the Decedent's Glyburide;

h)    they failed to monitor the Decedent's blood sugar levels and failed to prevent the decrease of the blood sugar levels;

i)    they failed to take reasonable and prudent measures to prevent the Decedent from developing severely low blood sugar;

j)    they failed to timely diagnose and treat the Decedent to prevent the development of hypoglycemia;

k)    they failed to obtain appropriate diagnostic studies, to make a timely and appropriate diagnosis of the Decedent's diabetes and hypoglycemia;

l)    they failed to timely refer the Decedent to appropriate specialists to diagnose and treat the Decedent's diabetes and hypoglycemia;

m)    they failed to appropriately treat the hypoglycemia to prevent it from worsening;

n)    they failed to take reasonable and prudent measures to prevent the Decedent from having

18

seizures;

o) they failed to have her transported when emergency medical services personnel arrived at 4:53 p.m., on May 29, 2006;

p) they failed to reasonably and prudently monitor her condition after she was first found unresponsive on May 29, 2006;

q) they failed to recognize the potential morbidity and mortality of her condition after she was first found unresponsive on May 29, 2006; and

r) they were otherwise negligent and deviated from the standard of care in their care and treatment of the Decedent, Kim Porter.

45. If the Defendants had followed the appropriate and applicable standard of care, Kim Porter, would not have suffered in the manner that she did, which ultimately led to her death on June 6, 2006.

46. As a direct and proximate result of the aforesaid negligence and want of care of the Defendants, the Decedent, Kim Porter, was caused to sustain and endure awful, serious, painful and permanent injuries to her body, great mental and emotional pain, stress, anguish and suffering, agony, fear of death, and death.

47. As a further direct and proximate result thereof, the

Estate and the Decedent were obliged to expend considerable sums of money for medical and hospital care and treatment.

48.   As a further direct and proximate result thereof, the Decedent's Estate was caused to expend monies for funeral expenses.

49.   The Estate and the Decedent were otherwise injured and damaged.

50.   The Plaintiff further alleges that the injuries and damages, herein complained of were proximately caused by the negligence and want of care of the Defendants, with no negligence on the Plaintiff or Plaintiff's Decedent's part contributing thereto.

WHEREFORE, the Plaintiff, Daniel Porter, as Personal Representative of the Estate of Kim Porter, claims compensatory damages against the Defendants, David S. Dunn, M.D.; SAVASENIORCARE, LLC; SAVASENIORCARE Administrative Services, LLC; SSC Forest Hill Operating Company, LLC, T/A Forest Hill Health and Rehabilitation Center; Forest Hill Health and Rehabilitation Center; SMV Forest Hill, LLC; Mariner Health of Forest Hill, LLC; Mariner Health Care Central, Inc.; and Mariner Health Care Management Company, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).


**COUNT II**

20

(Negligence – Wrongful Death, Surviving Husband)

Plaintiff, Daniel Porter, individually, as surviving husband of Kim Porter, claims against Defendants: David S. Dunn, M.D.; SAVASENIORCARE, LLC; SAVASENIORCARE Administrative Services, LLC; SSC Forest Hill Operating Company, LLC, T/A Forest Hill Health and Rehabilitation Center; Forest Hill Health and Rehabilitation Center; SMV Forest Hill, LLC; Mariner Health of Forest Hill, LLC; Mariner Health Care Central, Inc.; and Mariner Health Care Management Company.

51.   Plaintiff adopts and incorporates by reference paragraphs 1 through 50 of this Complaint as if each was set forth in full herein.

52.   Plaintiff, Daniel Porter, individually, as surviving husband of Kim Porter, deceased, is entitled to bring an action for wrongful death under the Annotated Code of Maryland, Courts and Judicial Proceedings, Article §§ 3-902 and 3-904.

53.   If Defendant Dunn and the Forest Hill Defendants had followed the appropriate and applicable standards of care, the Decedent, Kim Porter, would have survived and had a substantial extension of her life expectancy and the quality of her life.

54.   As a direct and proximate result of the afore-described negligence and want of care of Defendant Dunn and the Forest Hill Defendants, and their agents, servants and employees, the Decedent, Kim Porter, died on June 6, 2006, and left surviving,

21

her husband, Daniel Porter.

55.   The action in the Health Care Alternative Dispute Resolution Office of Maryland was instituted and filed within three (3) years of the date of death in the Health Care Alternative Dispute Resolution Office of Maryland.

56.   By virtue of the wrongful death of Kim Porter, her surviving husband, Daniel Porter, has suffered mental anguish and emotional pain and suffering, and has been deprived of his wife's society, companionship, comfort, protection, marital care, attention, advice, counsel, training, guidance, education, as well as her past and future pecuniary support and services.

57.   Plaintiff, Daniel Porter, individually, as surviving husband of Kim Porter, further alleges that the injuries and damages herein complained of were proximately caused by the negligence and want of care of Defendant Dunn and the Forest Hill Defendants, and their agents, servants and employees, without any negligence on the Plaintiff's or Decedent's part contributing thereto.

WHEREFORE, the Plaintiff, Daniel Porter, individually, as surviving husband of Kim Porter, deceased, claims compensatory damages against the Defendants, David S. Dunn, M.D.; SAVASENIORCARE, LLC; SAVASENIORCARE Administrative Services, LLC; SSC Forest Hill Operating Company, LLC, T/A Forest Hill Health and Rehabilitation Center; Forest Hill Health and Rehabilitation

Center; SMV Forest Hill, LLC; Mariner Health of Forest Hill, LLC; Mariner Health Care Central, Inc.; and Mariner Health Care Management Company, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

## COUNT III

### (Negligence – Wrongful Death, Surviving Adult Child)

Plaintiff, Tony Porter, as surviving adult child of Kim Porter, deceased, claims against Defendants: David S. Dunn, M.D.; SAVASENIORCARE, LLC; SAVASENIORCARE Administrative Services, LLC; SSC Forest Hill Operating Company, LLC, T/A Forest Hill Health and Rehabilitation Center; Forest Hill Health and Rehabilitation Center; SMV Forest Hill, LLC; Mariner Health of Forest Hill, LLC; Mariner Health Care Central, Inc.; and Mariner Health Care Management Company.

58.   Plaintiff adopts and incorporates by reference paragraphs 1 through 57 of this Complaint as if each was set forth in full herein.

59.   Plaintiff, Tony Porter, as surviving adult child of Kim Porter, deceased, is entitled to bring an action for wrongful death under the Annotated Code of Maryland, Courts and Judicial Proceedings, Article §§ 3-902 and 3-904.

60.   If Defendant Dunn and the Forest Hill Defendants had followed the appropriate and applicable standards of care, the Decedent, Kim Porter, would have survived and had a substantial

extension of her life expectancy and the quality of her life.

61.   As a direct and proximate result of the afore-described negligence and want of care of Defendant Dunn and the Forest Hill Defendants, and their agents, servants and employees, the Decedent, Kim Porter, died on June 6, 2006, and left surviving, her son, Tony Porter.

62.   The action in the Health Care Alternative Dispute Resolution Office of Maryland was instituted and filed within three (3) years of the date of death in the Health Care Alternative Dispute Resolution Office of Maryland.

63.   By virtue of the wrongful death of Kim Porter, her surviving adult child Tony Porter, has suffered mental anguish and emotional pain and suffering, and has been deprived of his mother's society, companionship, comfort, protection, parental care, attention, advice, counsel, training, guidance, education, as well as her past and future pecuniary support and services.

64.   Plaintiff, Tony Porter, as surviving adult child of Kim Porter, further alleges that the injuries and damages herein complained of were proximately caused by the negligence and want of care of Defendant Dunn and the Forest Hill Defendants, and their agents, servants and employees, without any negligence on the Plaintiff's or Decedent's part contributing thereto.

WHEREFORE, the Plaintiff, Tony Porter, as surviving adult child of Kim Porter, deceased, claims compensatory damages

24

against the Defendants, David S. Dunn, M.D.; SAVASENIORCARE, LLC;
SAVASENIORCARE Administrative Services, LLC; SSC Forest Hill
Operating Company, LLC, T/A Forest Hill Health and Rehabilitation
Center; Forest Hill Health and Rehabilitation Center; SMV Forest
Hill, LLC; Mariner Health of Forest Hill, LLC; Mariner Health
Care Central, Inc.; and Mariner Health Care Management Company,
in an amount in excess of Seventy Five Thousand Dollars
($75,000.00).

**COUNT IV**

(Negligence – Wrongful Death, Surviving Adult Child)

Plaintiff, Nancy Geisler, as surviving adult child of Kim
Porter, deceased, claims against Defendants: David S. Dunn, M.D.;
SAVASENIORCARE, LLC; SAVASENIORCARE Administrative Services, LLC;
SSC Forest Hill Operating Company, LLC, T/A Forest Hill Health
and Rehabilitation Center; Forest Hill Health and Rehabilitation
Center; SMV Forest Hill, LLC; Mariner Health of Forest Hill, LLC;
Mariner Health Care Central, Inc.; and Mariner Health Care
Management Company.

65.  Plaintiff adopts and incorporates by reference
paragraphs 1 through 64 of this Complaint as if each was set
forth in full herein.

66.  Plaintiff, Nancy Geisler, as surviving adult child of
Kim Porter, deceased, is entitled to bring an action for wrongful
death under the Annotated Code of Maryland, Courts and Judicial

25

Proceedings, Article §§ 3-902 and 3-904.

67.   If Defendant Dunn and the Forest Hill Defendants had followed the appropriate and applicable standards of care, the Decedent, Kim Porter, would have survived and had a substantial extension of her life expectancy and the quality of her life.

68.   As a direct and proximate result of the afore-described negligence and want of care of Defendant Dunn and the Forest Hill Defendants, and their agents, servants and employees, the Decedent, Kim Porter, died on June 6, 2006, and left surviving, her daughter, Nancy Geisler.

69.   The action in the Health Care Alternative Dispute Resolution Office of Maryland was instituted and filed within three (3) years of the date of death in the Health Care Alternative Dispute Resolution Office of Maryland.

70.   By virtue of the wrongful death of Kim Porter, her surviving adult child, Nancy Geisler, has suffered mental anguish and emotional pain and suffering, and has been deprived of her mother's society, companionship, comfort, protection, parental care, attention, advice, counsel, training, guidance, education, as well as her past and future pecuniary support and services.

71.   Plaintiff, Nancy Geisler, as surviving adult child of Kim Porter, further alleges that the injuries and damages herein complained of were proximately caused by the negligence and want of care of Defendant Dunn and the Forest Hill Defendants, and

26

their agents, servants and employees, without any negligence on the Plaintiff's or Decedent's part contributing thereto.

WHEREFORE, the Plaintiff, Nancy Geisler, as surviving adult child of Kim Porter, deceased, claims compensatory damages against the Defendants, David S. Dunn, M.D.; SAVASENIORCARE, LLC; SAVASENIORCARE Administrative Services, LLC; SSC Forest Hill Operating Company, LLC, T/A Forest Hill Health and Rehabilitation Center; Forest Hill Health and Rehabilitation Center; SMV Forest Hill, LLC; Mariner Health of Forest Hill, LLC; Mariner Health Care Central, Inc.; and Mariner Health Care Management Company, in an amount in excess of Seventy Five Thousand Dollars ($750,000.00).

JURY TRIAL DEMANDED

Respectfully submitted,

Jeffrey S. Goldstein
JEFFREY S. GOLDSTEIN, P.A.
10320 Little Patuxent Parkway
Suite 322
Columbia, MD 21044
(410) 884-6890

Bertram M. Goldstein
BERTRAM M. GOLDSTEIN & ASSOCIATES, P.A.
10320 Little Patuxent Parkway
Suite 322
Columbia, MD 21044
(410) 884-6890

Attorneys for Plaintiffs